# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SARAH PURDY,

    Plaintiff,

v.

RICHLAND HOLDINGS, INC., *et al.*,

    Defendants.

Case No. 2:11-cv-02039-LDG (NJK)

**ORDER**

    The plaintiff, Sarah Purdy, moves for partial summary judgment (#24) against the defendants, Richland Holdings, Inc. and Paul Liggio. The defendants have opposed the motion (#27). The Court will deny the motion.

<u>Motion for Summary Judgment</u>

    In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment

as a matter of law.  Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim.  *Anderson,* 477 U.S. at 248.  The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 323.  Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Id.*, at 323.  As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.,* at 325.  Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact.  Fed. R. Civ. Pro. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir.

2000).  As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The allegations or denials of a pleading, however, will not defeat a well-founded motion.  Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  That is, the opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

Richland Holdings, a debt collector, attempted to collect a debt that it asserted Purdy owed to one of the defendant's clients.  Purdy then brought a suit against Richland Holdings alleging violations of the Fair Debt Collection Practices Act (FDCPA) including, inter alia, that Richland Holdings demanded an additional $50 to have the transaction removed from her credit report.

After filing that suit, Purdy brought the instant suit alleging violations of the FDCPA, by Richland Holdings and Paul Liggio.  She alleges, in this suit, that the defendants contacted her employer and discussed her asserted debt.

In moving for summary judgment, Purdy submits the affidavit of Duane Christy, the Director and CEO of Purdy's employer, and a letter written by defendant's counsel to her counsel.  According to these documents, in mid-2011 Liggio telephoned Christy and during this telephone call[1] informed him that Purdy owed a debt, informed Christy of Purdy's other lawsuit against Richland Holdings, and proposed a settlement.

---

[1] In his affidavit, Christy states that Liggio phoned to discuss a possible business venture between Purdy's employer and Richland Holdings, but also discussed Purdy's debt and lawsuit.

3

In opposition, the defendants submit the affidavit of Liggio who states that he had a meeting with Christy "to speak about Richland Holdings' employees that Aargon was pursuing for debts and also about certain standards in the industry on collection/debt practices." Liggio further asserts that he did not divulge or discuss Purdy's debt during the meeting.

Absent from Liggio's affidavit is any evidence disputing either the occurrence or the contents of the telephone call to which Christy refers. Rather, Liggio's affidavit merely establishes that at some meeting in 2011, which his counsel characterizes as occurring in-person, Liggio did not divulge Purdy's debt.

Summary judgment, however, is not appropriate as Purdy has not offered any evidence that she did not directly give her prior consent to Richland Holdings or Liggio to communicate with her employer in connection with the collection of the debt. *See*, 15 U.S.C. §1692c(b). Therefore,

THE COURT **ORDERS** that Plaintiff's Motion for Partial Summary Judgment (#24) is DENIED.

DATED this _5_ day of March, 2014.

_____
Lloyd D. George
United States District Judge